Case 1:25-cv-00282   Document 4   Filed on 12/01/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **MARIO ALDANA SOSA,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No: 1:25-cv-282 |
| § | |
| **KRISTI NOEM**, in her official capacity, § | |
| Secretary, U.S. Department of Homeland § | |
| Security, *et al.*, § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner Mario Aldana Sosa's "Petition for Writ of Habeas Corpus" (Sosa's "§ 2241 Petition"). Dkt. No. 1. Sosa, a Guatemalan citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 3, 11–16. Sosa claims that 8 U.S.C. § 1226 should apply to him, and not, as Respondents argue, § 1225. Dkt. No. 1 at 13.

It does not plainly appear from the § 2241 Petition that Sosa is not entitled to the requested relief. Sosa's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court.

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Sosa is detained. *See id.*

Here, Sosa is held at the Port Isabel Service Detention Center ("PISDC") in Los Fresnos, Texas. Dkt. No. 1 at 2. Sosa's custodian, then, would appear to be the facility administrator of PISDC. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action). However, it is unclear as to who is currently the facility administrator at PISDC.

It is **ORDERED** that the facility administrator of PISDC has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Sosa's reply after the facility administrator's filing. **FURTHER**, Government is **ORDERED** to inform the Court of who is the facility administrator at PISDC.

**SO ORDERED.**

SIGNED on this **1st** day of **December, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**